# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TONYA ROBINSON,** | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 3:24-CV-_____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **JAY S. BRICE,** | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Tonya Robinson, states her Complaint against Defendant, Jay S. Brice, as follows:

### INTRODUCTION

Plaintiff brings this action to redress civil rights violations committed by a deputy state fire marshal in connection with the false arrest and unlawful prosecution of Plaintiff for the criminal offense of criminal trespass in the third degree. Plaintiff brings this suit to secure the protection of and to redress the deprivation of rights guaranteed by the Fourth Amendment to the United States Constitution, by and through 42 U.S.C. § 1983, as well as the state law claims alleged herein.

### PARTIES

1. Plaintiff, Tonya Robinson ("Plaintiff"), is an individual over the age of nineteen (19) years, residing in Russell County, Alabama.

2. Defendant, Jay S. Brice ("Brice" or "Defendant"), is an individual over the age of nineteen (19) years, residing in Russell County, Alabama. At all times material hereto, Brice was employed as a deputy fire marshal with the Alabama Department of Insurance. However, all claims asserted herein against Brice are in his individual capacity only.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) because this action is brought under 42 U.S.C. § 1983 seeking damages for Defendant's violations of Plaintiff's constitutional rights. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(1) & (2) because Defendant is a resident citizen of Russell County, Alabama, and because a substantial part of the events or omissions giving rise to this claim occurred in Russell County, Alabama. Russell County, Alabama, is located in the Eastern Division of the Middle District of Alabama. 28 U.S.C. § 81(b)(3).

## FACTUAL ALLEGATIONS

5. On or about July 8, 2022, Plaintiff traveled to her brother's residence located at the 500 block of Ridge Road near the intersection of Ridge Road and Oswichee Road in Russell County, Alabama (the "Property").

6. Plaintiff's brother was not the owner of the Property but maintained a lawful leasehold interest therein.

7. Plaintiff traveled to the Property because her brother was not home, and Plaintiff's mother asked her to feed his dogs.

8. Plaintiff was accompanied by her friend, and her one-year-old minor child, who was seated in the back seat of the friend's vehicle. Plaintiff was seated in the front passenger's seat.

9. Upon arrival, Plaintiff observed a truck that she did not recognize present on the Property.

10. The truck lacked any plainly visible markings.

11. At the time, Brice was apparently conducting a "joint investigation" with the Bureau of Alcohol, Tobacco, and Firearms in reference to purported "firearms charges" against Plaintiff's brother.

12. As Plaintiff began exiting the vehicle, Brice exited a wooded area on the Property and began screaming at Plaintiff, "get the f**k off the Property."

13. Brice did not identify himself as any type of law enforcement officer.

14. Plaintiff exited the vehicle.

15. Brice got in Plaintiff's face, screaming at her to leave, and asking her to produce identification.

16. Under Alabama law, Brice had no right to demand that Plaintiff provide an ID. Plaintiff was lawfully on private property and was not driving a car.

17. Brice had no reason to suspect criminal activity because Plaintiff was not the subject of his "investigation."

18. But even if Brice had reasonably suspected criminal activity, Plaintiff was not required to show her ID.

19. Plaintiff refused to provide her identification and told Brice she did not who he was.

20. Brice responded, "you know who the f**k I am."

21. Plaintiff explained that this was her brother's house.

22. Brice responded, "No, the f**k it isn't."

23. Plaintiff then called 9-1-1.

24. Brice knocked Plaintiff's phone out of her hand.

25. Plaintiff began opening the back door of the vehicle to show Brice the dog food to explain that she was there to feed the dogs.

26. Brice slammed Plaintiff against the vehicle, then threw her to the ground and placed her in handcuffs.

27. At this point, Plaintiff's daughter became upset and began screaming.

28. Plaintiff asked Brice to stop screaming at her because it was upsetting her daughter, who has developmental issues after suffering trauma earlier in life.

29. Plaintiff's friend exited the vehicle and began attempting to comfort the child.

30. Brice screamed at Plaintiff's friend to leave the child alone.

31. Plaintiff's friend explained that the child needed its diaper changed.

32. When Plaintiff's friend touched the child, she became even more upset.

33. Plaintiff then asked Brice to remove the handcuffs so she could comfort the child.

34. Brice refused and said, "she's as good as anyone," apparently referring to the friend.

35. Brice picked Plaintiff up and moved her approximately 30 feet away from the vehicle.

36. Brice then told Plaintiff that if she would give the whereabouts of her brother or his 13-year-old child, he would let her go.

37. Plaintiff told Brice that she did not know where they were.

38. Plaintiff also informed Brice of her name and that she was lawfully on her brother's property.

39. After obtaining Plaintiff's name and purpose for her visit, Brice did not release Plaintiff.  Instead, Brice signed a criminal complaint purporting to charge Plaintiff with the offense of criminal trespass in the third degree.

40. Plaintiff was then transported to the Russell County Jail by Russell County Sheriff's Deputies, where she was booked and required to make bond.

41. Plaintiff was also forced to retain defense counsel.

42. Plaintiff denied Brice's allegations and requested a trial.

43. Prior to trial, the State of Alabama offered to *nolle pross* the charge in exchange for Plaintiff executing a civil release in favor of Brice. Plaintiff refused.

44. On November 21, 2022, a bench trial was conducted in the District Court of Russell County, Alabama (the "state court").

45. At the close of the State's case-in-chief, Plaintiff's counsel moved for a judgment of acquittal.

46. The state court stated, in part, "Yeah, I don't think there was probable cause. This is one of the, I don't you know, the silliest cases I've probably ever seen since I've been on the bench."

47. The state court further stated, "What it appears to me is that [Brice] got ticked off because [Plaintiff] would not give him her license. Now me, you know, I mean, this is why folks get concerned about law enforcement."

48. After Brice "sighed," on the record, the state court asked him to leave the courtroom.

49. This state court concluded, "See, this is what he did. This is what he did. He got ticked off and arrested her. For the record, the law enforcement officer

walked out of the courtroom upset.  I feel like this is bad policing, and I agree, you should sue; you should not have signed a covenant not to sue.  Nothing further, this case is dismissed."

50. Following the trial, the state court entered a written "Not Guilty Order," acquitting Plaintiff of criminal trespass in the third degree.

51. In its "Not Guilty Order," the state court found, in part, as follows:

> The Court having heard testimony from the parties, is hereby convinced that the State of Alabama failed to meet its burden of proof beyond a reasonable doubt that the Defendant committed the crime of **CRIMINAL TRESPASS 3RD DEGREE** pursuant to Alabama Code § 13A-7-4 (1975), the Court finds the Defendant **NOT GUILTY** of **CRIMINAL TRESPASS 3RD DEGREE**.  However, given the nature of the testimony and the conduct of Investigator Bryce[1] in this matter, the Court deems it necessary to expound on the testimony at trial, which was taken down by the Court Reporter at the request of the Defendant.
>
> Inv. Bryce testified that he appeared at a residence in Russell County where the subject of his investigation, Ray Harden lived.  The Defendant arrived and was asked to provide identification in which she refused.  After having asked the Defendant some five or six times for ID and having not received it, Inv. Bryce arrested the Defendant for criminal trespass third degree.
>
> After the Court initially asked why the Defendant was not arrested for obstructing government operations, Inv. Bryce first testified that he could not arrest the Defendant for obstructing a government operations (providing ID) because she was not actually obstructing his operations or his investigation.  He later (without even realizing it) changed his testimony and said he could have arrested the Defendant for obstruction rather than criminal trespass but chose not to.

---

[1] The state court's "Not Guilty Order" erroneously refers to Brice as "Bryce."

During trial, the State failed to prove that the Defendant did not have the owner's permission to be on the subject property. In fact, Inv. Bryce testified that he did not know whether she had permission to be on the subject property or not, but that he charged the Defendant with criminal trespass because when he asked her to leave she refused.

Alabama Code § 13A-7-4 (1975) is clear that so long as the individual has permission or license to be on someone's property he/she is not guilty of trespassing. It appears to the Court from the testimony that Inv. Bryce was offended that she refused to give him ID and apparently arrested the Defendant out of spite.

The Court is concerned about the conduct of Inv. Bryce in open court. He got visibly angry at this Court's ruling and acted in the most unprofessional manner this Court has ever seen from a law enforcement official. It is apparent it is either his way or no way, a scary notion for someone who carries a gun and badge and supposed to protect and serve. The Court is glad the Defendant denied the charge, had her day in Court, and held the State (in particular Inv. Bryce) to meet the burden of proof all Americans should enjoy. Inv. Bryce's overreaching charges without probable cause is antithetical to what law enforcement officers are tasked to do in this county, state, and country.

(A true and correct copy of the "Not Guilty Order" is attached hereto as Exhibit "A" and incorporated herein by reference.)

## COUNT I
## 42 U.S.C. § 1983 CLAIM
## VIOLATION OF THE FOURTH AMENDMENT – MALCIOUS PROSECUTION

52. Plaintiff adopts each and every allegation contained in paragraphs five (5) through fifty-one (51) as if the same were set forth fully herein.

8

53. Plaintiff brings this claim for violation of her rights guaranteed by the Fourth Amendment to the United States Constitution, by and through 42 U.S.C. § 1983.

54. While acting under color of law as a deputy state fire marshal, Brice intentionally deprived Plaintiff of her rights under the Fourth Amendment to the United States Constitution by maliciously prosecuting Plaintiff for the offense of criminal trespass in the third degree.

55. Brice knew and or should have known that there existed no arguable probable cause for the complaint, yet nevertheless signed and issued a warrant for the arrest of Plaintiff.

56. Plaintiff was arrested and detained, thus constituting an unreasonable seizure under the Fourth Amendment.

57. Brice instituted the criminal prosecution against Plaintiff maliciously and without arguable probable cause.

58. The criminal prosecution was terminated in Plaintiff's favor when she was acquitted on November 21, 2022.

59. In committing these actions, Brice's conduct violated clearly established constitutional rights, of which Brice would have and should have known.

60. As a result of Brice's deprivation of Plaintiff's rights secured by the Constitution, by and through 42 U.S.C. § 1983, Plaintiff was harassed, detained, and

unlawfully arrested; was forced to spend time in jail; was forced to spend fees in procuring bail; was forced to expend legal fees to defend the above referenced charges; suffered loss of liberty, physical and mental anguish, shame, harm to reputation, humiliation, ridicule, and embarrassment.

61. Plaintiff claims punitive damages of Brice due to the willful, malicious, or intentional nature of his conduct.

62. Plaintiff claims an award of reasonable attorney's fee pursuant to 42 U.S.C. § 1988.

WHEREFORE, premises considered, Plaintiff demands judgment against Brice for any and all actual and special compensatory damages and punitive damages, in an amount to be determined by the jury, together with interest, the costs of this action, and a reasonable attorney's fee for the necessity of prosecuting this action.

### COUNT II
### 42 U.S.C. § 1983 CLAIM
### VIOLATION OF THE FOURTH AMENDMENT – FALSE ARREST

63. Plaintiff adopts each and every allegation contained in paragraphs five (5) through fifty-one (51) as if the same were set forth fully herein.

64. Plaintiff brings this claim for violation of her rights guaranteed by the Fourth Amendment to the United States Constitution, by and through 42 U.S.C. § 1983.

65. While acting under color of law as a deputy state fire marshal, Brice intentionally deprived Plaintiff of her rights under the Fourth Amendment to the United States Constitution by falsely arresting Plaintiff for the offense of criminal trespass in the third degree.

66. Brice knew or should have known that the complaint was signed without arguable probable cause because there existed no grounds upon which to arrest Plaintiff for any criminal offense.

67. Plaintiff was arrested and detained by Brice, thus constituting an unreasonable seizure under the Fourth Amendment.

68. Benbow executed the criminal complaint against Mr. Youngblood falsely and with actual or constructive knowledge there existed no arguable probable cause for the same.

69. The criminal prosecution was terminated in Plaintiff's favor when she was acquitted on November 21, 2022.

70. In committing these actions, Brice's conduct violated clearly established constitutional rights, of which Brice would have and should have known.

71. As a result of Brice's deprivation of Plaintiff's rights secured by the Constitution, by and through 42 U.S.C. § 1983, Plaintiff was harassed, detained, and unlawfully arrested in front of her minor child; was forced to spend time in jail; was forced to spend fees in procuring bail; was forced to expend legal fees to defend the

above referenced charges; suffered loss of liberty, physical and mental anguish, shame, harm to reputation, humiliation, ridicule, and embarrassment.

72. Plaintiff claims punitive damages of Brice due to the willful, malicious, or intentional nature of his conduct.

73. Plaintiff claims an award of reasonable attorney's fee pursuant to 42 U.S.C. § 1988.

WHEREFORE, premises considered, Plaintiff demands judgment against Brice for any and all actual and special compensatory damages and punitive damages, in an amount to be determined by the jury, together with interest, the costs of this action, and a reasonable attorney's fee for the necessity of prosecuting this action.

## COUNT III
## MALICIOUS PROSECUTION

74. Plaintiff adopts each and every allegation contained in paragraphs five (5) through fifty-one (51) as if the same were set forth fully herein.

75. Plaintiff brings this claim for malicious prosecution pursuant to the laws of the State of Alabama.

76. Brice prosecuted Plaintiff for the criminal offense of Harassment.

77. Brice instituted the prosecution maliciously and without arguable probable cause.

78. The prosecution was commenced via a complaint, signed by Brice, under which Plaintiff was arrested and detained, but the warrant was executed recklessly, wantonly, fraudulently, in bad faith, under a mistaken interpretation of law, or beyond Brice's authority.

79. The prosecution was terminated in Plaintiff's favor.

80. As a result of Brice's conduct, Plaintiff was harassed, detained, and unlawfully arrested; was forced to spend time in jail; was forced to spend fees in procuring bail; was forced to expend legal fees to defend the above referenced charges; suffered loss of liberty, physical and mental anguish, shame, harm to reputation, humiliation, ridicule, and embarrassment.

81. Plaintiff claims punitive damages of Brice due to the willful, malicious, or intentional nature of his conduct.

WHEREFORE, premises considered, Plaintiff demands judgment against Brice for any and all actual and special compensatory damages and punitive damages, in an amount to be determined by the jury, together with interest, the costs of this action, and a reasonable attorney's fee for the necessity of prosecuting this action.

## COUNT IV
## FALSE ARREST

82. Plaintiff adopts each and every allegation contained in paragraphs five (5) through fifty-one (51) as if the same were set forth fully herein.

83. Plaintiff brings this false arrest pursuant to the laws of the State of Alabama.

84. Brice caused the arrest of Plaintiff under the process of law.

85. Brice issued the criminal complaint maliciously and without probable cause.

86. The prosecution was terminated in Plaintiff's favor.

87. As a result of Brice's conduct, Plaintiff was harassed, detained, and unlawfully arrested; was forced to spend time in jail; was forced to spend fees in procuring bail; was forced to expend legal fees to defend the above referenced charges; suffered loss of liberty, physical and mental anguish, shame, harm to reputation, humiliation, ridicule, and embarrassment.

88. Plaintiff claims punitive damages of Brice due to the willful, malicious, or intentional nature of his conduct.

WHEREFORE, premises considered, Plaintiff demands judgment against Rogers for any and all actual and special compensatory damages and punitive damages, in an amount to be determined by the jury, together with interest and the costs of this action.

Respectfully submitted this the 12th day of April 2024.

/s/ Jonathan K. Corley
Attorney for Plaintiff

**OF COUNSEL:**
Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803-0106
(334) 745-7766
jcorley@wwp-law.com

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY
AS TO ALL ISSUES SO TRIABLE.**

*/s/ Jonathan K. Corley*
Jonathan K. Corley

**Serve Defendant via certified mail as follows:**

**Jay S. Brice
1906 Serene Court
Phenix City, Alabama 36867**