Exhibit "A"

ELECTRONICALLY FILED
11/21/2022 2:40 PM
57-DC-2022-000996.00
DISTRICT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

## IN THE DISTRICT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA                )

                               )

V.                             )   Case No.:      DC-2022-000996.00

                               )

ROBINSON TONYA                 )

Defendant.                     )

### NOT GUILTY ORDER

This Matter was before the court for BENCH TRIAL on a Criminal Trespass 3rd Degree case. Present in Court was the Defendant, Tonya Robinson and her Attorney of record, the Hon. Jeremy Armstrong; Investigator Jay Bryce with the State of Alabama Fire Marshall's Office; and the Hon. Steven Knapp for the District Attorney's Office.

The Court having heard testimony from the parties, is hereby convinced that the State of Alabama failed to meet its burden of proof beyond a reasonable doubt that the Defendant committed the crime of **CRIMINAL TRESSPASS 3RD DEGREE** pursuant to Alabama Code § 13A-7-4 (1975), the Court finds the Defendant **NOT GUILTY** of **CRIMINAL TRESPASS 3RD DEGREE**. However, given the nature of the testimony and the conduct of Investigator Bryce in this matter, the Court deems it necessary to expound on the testimony at trial, which was taken down by Court Reporter at the request of the Defendant.

Inv. Bryce testified that he appeared at a residence in Russell County where the subject of his investigation, Ray Harden lived. The Defendant arrived and was asked to provide identification in which she refused. After having asked the Defendant some five or six times for ID and having not received it, Inv. Bryce arrested the Defendant for criminal trespass third degree.

After the Court initially asked why the Defendant was not arrested for obstructing government operations, Inv. Bryce first testified that he could not arrest the Defendant for obstructing a government operations (providing ID) because she was not actually obstructing his operations or his investigation. He later (without even realizing it) changed his testimony and said he could have arrested the Defendant for obstruction rather than criminal trespass but chose not to.

Exhibit "A"

During trial, the State failed to prove that the Defendant did not have the owner's permission to be on the subject property.  In fact, Inv. Bryce testified that he did not know whether she had permission to be on the property or not, but that he charged the Defendant with criminal trespass because when he asked her to leave she refused.

Alabama Code § 13A-7-4 (1975) is clear that so long as the individual has permission or license to be on someone's property he/she is not guilty of trespassing.  It appears to the Court from the testimony that Inv. Bryce was offended that she refused to give him ID and apparently arrested the Defendant out of spite.

The Court is concerned about the conduct of Inv. Bryce in open court.  He got visibly angry at this Court's ruling and acted in the most unprofessional manner this Court has seen from a law enforcement official.  It is apparent it is either his way or no way, a scary notion for someone who carries a gun and badge and supposed to protect and serve.  This Court is glad the Defendant denied the charge, had her day in Court, and held the State (in particular Inv. Bryce) to meet the burden of proof all Americans should enjoy.  Inv. Bryce's overreaching charges without probable cause is antithetical to what law enforcement officers are tasked to do in this county, state, and country.

It is hereby ORDERED, ADJUDGED and DECREED that the Defendant is found NOT GUILTY of criminal trespass third degree.

**DONE this 21st day of November, 2022.**


**/s/ ZACK COLLINS**
**DISTRICT JUDGE**